UNITED STATES OF AMERICA )
)
v. )
)
JOHN W. BEMBRY, ) CASE NO. CR407-154
)
    Defendant. )
)

# O R D E R

Before the Court is Defendant John W. Bembry's Renewed Motion for Judgment of Acquittal. (Doc. 89.) Therein, he contends that the Government failed to present sufficient evidence of his intent and of his identity as the person who committed the offenses. He asks the Court to enter an order of acquittal on all charges. For the following reasons, Defendant's Motion is **DENIED**.

In considering a motion for acquittal under Federal Rule of Criminal Procedure 29, the Court views the evidence in the light most favorable to the government. The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989). Essentially, the goal is preventing verdicts based wholly upon "speculation and conjecture." United States v. Kelly, 888 F.2d 732, 741 (11th Cir. 1989).

In this case, Defendant first argues that the Government failed to produce evidence at trial sufficient to convince a reasonable jury that he possessed the requisite levels of intent corresponding to the offenses charged in the indictment. However, the evidence at trial established that Defendant was found and arrested in a hotel room which was registered to him and which contained numerous items connected to identity fraud and counterfeit check fraud. Officers found fake checks of a local company, Southern Glass, one of which was made out to a "Michael Harris." There was a fake driver's license which bore both the name "Michael Harris" and a photograph of Defendant.

The Government also introduced testimonial evidence that Defendant gave a female associate counterfeit checks and a fake identification card with the instruction to use the checks to obtain pharmacy gift cards. Based upon this evidence, a reasonable jury could conclude that Defendant possessed counterfeit Southern Glass checks with the intent to deceive another person or organization, as required for the offense charged in Count Five.

Second, Defendant argues that the Government failed to present sufficient evidence for a reasonable jury to conclude that he was the individual guilty of

2

(1) fraudulently representing to utility providers that his social security number was that belonging to Martin Davidson (Counts One and Three), or (2) possessing the identification of another person during commission of a felony (Counts Two and Four).

The Government presented sufficient evidence to link Defendant to the address at which the utilities were set up (52 East Fairmont). There was evidence that the utility accounts were set up with the use of a fraudulent social security number.

First, a witness testified that Defendant told her he planned to live in the abandoned house and make improvements to it, in the hopes of living rent-free. Second, the Government introduced evidence that a real estate agent, upon finding a man living at 52 East Fairmont, gave the man rental applications to fill out. Rental applications were later found in the hotel room where Defendant was arrested. Evidence showed that these applications listed a telephone number that Defendant had used on his hotel registration form, utility accounts, and application for self-storage.

Finally, other documents found in Defendant's hotel room linked him to the 52 East Fairmont address and to the use of Martin Davidson's social security number. These

documents included (1) a self-storage application upon which Defendant provided his real name, the same telephone number appearing in the circumstances described above, and 52 East Fairmont as his home address; and (2) printed pages from an online search containing the personal information of Martin Davidson.

The evidence described above was sufficient for a reasonable jury to find that Defendant was the individual who committed the offenses described in Counts One through Four. It was also sufficient for a reasonable jury to find that Defendant possessed the requisite intent for each Count of the indictment. Accordingly, Defendant's Motion for Judgment of Acquittal is **DENIED**.

SO ORDERED this 22ND day of February, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA