IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
                                                      )
v.                                               )
                                                      )
JOHN W. BEMBRY,             )    CASE NO. CR407-154
                                                      )
    Defendant.             )
                                                      )

## O R D E R

Before this Court is Defendant John W. Bembry's "Motion to Preserve Evidence." (Doc. 102.) The Government opposes this Motion. (Doc. 115.) For the following reasons Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

John W. Bembry was charged, in a superseding indictment, with two counts of Social Security Fraud, two counts of Aggravated Identity Theft, and one count of Counterfeiting Securities of Private Entities. (Doc. 76.) On January 23, 2008, the Jury returned a verdict of guilty on all counts against Defendant. (Doc. 87.) Currently, Defendant is appealing his conviction to the United States Court of Appeals for the Eleventh Circuit. Defendant asks this Court to preserve the evidence used in his trial for an unspecified length of time. (Doc. 101.) The Government responds that it will preserve all evidence until the conclusion of the case, but opposes Defendant's Motion to the extent that it asks for indefinite preservation of evidence. (Doc. 115.) After Defendant's case is concluded, the Government

informs this Court that it plans to dispose of the evidence in accordance with its regular policies. (Id.)

The Government is under no obligation to preserve evidence indefinitely. See Illinois v. Fisher, 540 U.S. 544, 548-49 (2004) (upholding a conviction where evidence was destroyed after 10 years in police possession), United States v. Morris, 2008 WL 4154846, *6 (W.D. Pa. 2008) (granting a motion to preserve evidence throughout a criminal trial and subsequent appeals only). The Government does, however, have a duty to retain the evidence while the case is on appeal, because the defendant may need the evidence if a new trial is granted. Canter v. Hardy, 188 F. Supp. 2d 773, 791 (E.D. Mich. 2002). In this district, it is the Government's practice to preserve all evidence until the conclusion of the criminal case, including appeals. (Doc. 115.)

Accordingly, to the extent Defendant requests the indefinite preservation of evidence in his case, his Motion is **DENIED**. To the extent that Defendant requests the Government follow its current procedures, and preserve the evidence until the conclusion of his criminal case, Defendant's Motion is **GRANTED**.

SO ORDERED this 20th day of October, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA